# EXHIBIT A

Case Number: PM-2017-6009
Filed in Providence/Bristol County Superior Court
Submitted: 12/13/2017 11:05:25 AM
Envelope: 1330933
Reviewer: Lynn G.

STATE OF RHODE ISLAND                                    SUPERIOR COURT

PROVIDENCE COUNTY

Oscar A. Hernandez

Martha Valle Navarro,

    Plaintiffs,

v.                                                                         CASE NO: 2017-_____

US Bank NA and

Ocwen Loan Servicing LLC,

    Defendant

## COMPLAINT

Plaintiffs complain and for cause allege against the Defendants as follows:

1. Plaintiff brings this Complaint for Declaratory Judgment pursuant to RIGL 9-30-1, et. al. entitled 'Uniform Declaratory Judgements Act' and RIGL 34-11-22 entitled 'Statutory Power of Sale in Mortgage' and RIGL 34-27-1 et seq entitled 'Mortgage Foreclosure and Sale'.
2. Plaintiffs are individuals and is now, and at all times mentioned in this Complaint reside at and were/are the owners of 176-178 Grove Street, Woonsocket, RI and consent to the jurisdiction of this Honorable Court.
3. Upon Information and belief, Defendant, US Bank NA, is a corporation duly existing within the State of Ohio (425 Walnut Street, Cincinnati, OH 45202) and has maintained sufficient contacts with the State of Rhode Island to subject it to the jurisdiction of this Honorable Court.

4. Upon information and belief, Defendant, Ocwen Loan Servicing LLC, is a corporation duly existing within the State of Florida (1661 Worthington Road, Site 100, West Palm Beach, FL 33409) and has maintained sufficient contacts with the State of Rhode Island to subject it to the jurisdiction of this Honorable Court.

5. The subject matter of the Complaint is the foreclosure of real property located at 176-178 Grove Street, Woonsocket, RI which was sold by the Defendants at foreclosure auction on December 6, 2017.

6. That at all times relevant hereto the Defendant, US Bank NA, was the holder of a mortgage to the Plaintiffs dated September 30, 2004 as assigned to the Defendant by instrument of assignment dated September 19, 2011; and further that at all times relevant hereto, the Defendant, Ocwen Loan Servicing LLC, was the serving agent for the aforesaid mortgage to Defendant, US Bank NA.

7. That the Defendants had previously scheduled the real property for foreclosure sale for April 6, 2016, however, as a result of the Plaintiff's seeking protection through the RI Federal Bankruptcy Court (16-10604) the foreclosure sale was cancelled.

8. That following the Plaintiff's bankruptcy petition, the Defendants duly acknowledged the bankruptcy filing making numerous filings including a proof of claim (Claim 3-1) detailing the arrearage due, payment history and filing documents in support thereof.

9. That the Plaintiffs reinstated the mortgage through the confirmed plan of reorganization and made payments towards the reinstated mortgage to the Defendants and made payments towards the arrearage to the Chapter 13 Trustee.

10. That the Plaintiffs proposed plan of reorganization was confirmed on August 2, 2016 with the consent of the Defendants (Docket Number 37), however as a result of a hardship, their case was dismissed by the RI Federal Bankruptcy Court on June 19, 2017.

11. Following the dismissal, the Plaintiffs engaged on a course to cure the arrears by requesting a loan modification and submitting all required documentation, and, later by proceeding with a short sale through the 'Sun' (Stabilizing Urban Neighborhoods) program; and, in fact the Plaintiffs were approved through the 'Sun' program for relief at or about the time of the foreclosure.

Case Number: PM-2017-6009
Filed in Providence/Bristol County Superior Court
Submitted: 12/13/2017 11:05:25 AM
Envelope: 1330933
Reviewer: Lynn G.

12. That upon information and belief, the foreclosure sale scheduled for April 6, 2016 was cancelled and not postposed as provided in RIGL 34-11-22; and, in the event Defendants allege it was postponed the Plaintiffs assert that they failed to comply with said statute by failing to publish notice of the sale at least once each week following the week of the originally scheduled sale.

13. That prior to the foreclosure the Plaintiff, Martha Valle Navarro, received only one correspondence addressed to her in english dated October 12, 2017 advising her of the Defendants intention to accelerate the note; See Attached Correspondence.

14. That Plaintiff, Martha Valle Navarro, only language spoken or read is in spanish, however, the Defendants, having knowledge that Plaintiffs language is spanish, failed to provide any correspondence in spanish to the Plaintiff.

15. That in addition, prior to the foreclosure the Plaintiff, Oscar Hernandez, did not receive any correspondence from the Defendants, including; the notice of default and intention to accelerate, notice pursuant to RIGL 34-27-3.1 and 34-27-3.2, and notice of the foreclosure date.

16. That subsequent to the foreclosure the Plaintiffs received one english correspondence dated December 6, 2017, addressed to 'Occupant', and delivered to the Plaintiffs by a neighbor sometime thereafter, advising the Plaintiffs that a foreclosure sale was held of December 6, 2017; See Attached Correspondence.

17. That since the foreclosure on December 6, 2017, the Defendants have proceeded to enter upon the property, contact the Plaintiffs, attempt to access the property, and act as if they were they owners thereof.

18. That the Plaintiffs allege that the Defendants failed to provide proper and due notice in english and spanish as required by RIGL 34-11-22 and RIGL 34-27-4; failed to advertise the foreclosure as required by RIGL 34-11-22 and 24-27-5; failed to provide notice english and spanish as required by RIGL 34-27-3.1 and 34-27-3.2; and, failed to comply with the relevant provisions of the mortgage Instrument dated September 30, 2004, the Home Affordable Modification Agreement dated September 10, 2010 and the Adjustable Rate Note dated September 30, 2004.

19. That as a result thereof, the Plaintiffs have been deprived their due process, the Defendants have breached their contract with the Plaintiffs, the Defendants have violated state law, the Defendants have deprived the Plaintiffs of statutory rights, Defendants have unlawfully foreclosed upon the real property, Defendants have unlawfully deprived the Plaintiffs of their real property, Defendants have caused the Plaintiffs to be damaged and harmed, Defendants have impaired title to the real property, and Defendants have caused the Plaintiffs to suffer emotional distress.

WHEREFORE, the Plaintiffs pray that this Honorable Court Order the following:

1. That the Defendants be Ordered to rescind the foreclosure sale.
2. That the Defendants be Ordered to compensate the Plaintiffs pursuant to RIGL 34-27-3.2 to the maximum extent allowable under law;
3. That the Defendants be Ordered to compensate the Plaintiffs for compensatory damages in an amount to be determined by this Honorable Court;
4. That the Defendants be Ordered to compensate the Plaintiffs for punitive damages in an amount to be determined by this Honorable Court;
5. That the Defendants be Ordered to pay all costs and reasonable expenses, to Plaintiffs, including reasonable attorneys fees;
6. That the Plaintiff be Ordered any other and further relief that this Honorable Court deems meet and just.

The Plaintiff,
By and Through Counsel,

/s/ Stephen P. Levesque
Stephen P. Levesque, Esq 5742
165 Burnside Street, 2nd Floor
Cranston, RI 02910
401-490-4900 (t)
Stephen@spllaw.com

Case Number: PM-2017-6009
Filed in Providence/Bristol County Superior Court
Submitted: 12/13/2017 11:05:25 AM
Envelope: 1330933
Reviewer: Lynn G.



# KORDE & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

Serving Massachusetts, New Hampshire, & Rhode Island

October 12, 2017

9489 0090 0027 6017 2761 75

Martha Valle Navarro
176-178 Grove Street
Woonsocket, RI 02895

VIA FIRST CLASS MAIL &
CERTIFIED MAIL

Our File No. 11-006228

Dear Sir/Madam:

Please be advised that this office represents Ocwen Loan Servicing, LLC as servicer for U.S. Bank N.A., in its capacity as Trustee for the registered holders of MASTR Asset Backed Securities Trust 2005-NC1, Mortgage Pass-Through Certificates, Series 2005-NC1 (Holder) the present holder of your mortgage to New Century Mortgage Corporation, dated September 30, 2004 in the original principal amount of $279,000.00. The Holder has brought to our attention your delinquent mortgage account regarding the property located at 176-178 Grove Street, Woonsocket, RI 02895. You are hereby notified that the Holder hereby elects to accelerate the entire indebtedness and declares the entire balance due and payable forthwith and without further notice. Our client has advised that as of October 12, 2017, the amount of the debt is $299,399.07. Please note that because interest and other charges continue to accrue pursuant to the terms of the loan documents, the above figure is subject to change. If you would like a payoff statement on your loan, please contact the undersigned.

You are hereby further notified that it is the intention of the Holder to foreclose said Mortgage under the Power of Sale for breach of the conditions of the loan documents.

Please be advised that the amount necessary to reinstate or pay off your loan changes daily. Therefore, if you desire to reinstate or pay off your loan, please contact this office and it will obtain the amount necessary to reinstate or pay off your loan. Please also be advised, however, that the Holder reserves its right, if allowed by the loan documents and applicable law, to refuse to accept a reinstatement and to insist upon full payment of all amounts due.

UNLESS YOU NOTIFY THIS OFFICE WITHIN THIRTY (30) DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN THIRTY (30) DAYS FROM RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT AND MAIL YOU A COPY OF SUCH VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN THIRTY (30) DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

THE LAW DOES NOT REQUIRE THIS OFFICE TO WAIT UNTIL THE END OF THE THIRTY (30) DAY PERIOD BEFORE PROCEEDING WITH LEGAL ACTION TO COLLECT THIS DEBT.

IF HOWEVER, YOU REQUEST IN WRITING PROOF OF THE DEBT OR ANY PORTION THEREOF OR IF YOU REQUEST THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR WITHIN THE THIRTY (30) DAYS FROM THE DATE YOU RECEIVE THIS LETTER, THE FAIR DEBT COLLECTION PRACTICES ACT REQUIRES US TO SUSPEND OUR EFFORTS TO FORECLOSURE THE MORTGAGE ON YOUR PROPERTY, EVEN IF WE HAVE ALREADY INITIATED FORECLOSURE PROCEEDINGS, UNTIL WE MAIL YOU THE REQUESTED INFORMATION.

PLEASE BE ADVISED THAT THIS LETTER IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

If you (1) did not execute the Promissory Note relating to this mortgage; (2) are in bankruptcy; or (3) have been discharged in bankruptcy, this letter is for informational purposes only and is not intended as an attempt to collect a debt or an act to collect, assess or recover all or any portion of the debt from you personally.

Sincerely,

Shana L. Costa
SC/dv

900 CHELMSFORD STREET, SUITE 3102, LOWELL, MASSACHUSETTS 01851
PHONE: 978-256-1500 / FAX: 978-256-7615
HOURS OF OPERATION: 8:30AM – 5:30PM, EST MONDAY THRU FRIDAY

11-006228 / FC02