UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| OSCAR HERNANDEZ, MARTHA VALLE NAVARRO | : : : | |
| Plaintiffs, | : : | |
| v. | : : | C.A. No. 1:18-cv-00121 |
| US BANK NA and OCWEN LOAN SERVICING LLC | : : : : : | |
| Defendants. | : | |

## OCWEN LOAN SERVICING, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE ENTRY OF DEFAULT

NOW COMES Defendant Ocwen Loan Servicing, LLC[1] ("Ocwen") and hereby submits this *Memorandum of Law* in support of its *Motion to Vacate Entry of Default* pursuant to Fed. R.Civ.P. 55(c). Ocwen states that the failure to timely respond to the Compliant was through inadvertence, mistake and/or excusable neglect of prior counsel, Ocwen has meritorious defenses to the allegations which should be heard on their merits, and Plaintiffs will not be prejudiced if the default is vacated.

### Facts and Procedural History

Oscar Hernandez and Martha Valle Navarro ("Plaintiffs") filed a civil action against U.S. Bank N.A., in its capacity as Trustee for the registered holders of MASTR Asset Backed Securities Trust 2005-NC1, Mortgage Pass-Through Certificates, Series 2005-NC1[2] ("U.S. Bank N.A. as Trustee") and Ocwen (collectively "Defendants") in Rhode Island Providence County

---

[1] Improperly pleaded as Ocwen Loan Servicing LLC

[2] Improperly pleaded as US Bank NA.

- 2 -

Superior Court on or about December 13, 2017 ("*Complaint*"). *See Complaint,* attached hereto as Exhibit A. The *Complaint* alleges Defendants failed to provide Plaintiffs with adequate pre-foreclosure notices, failed to advertise the auction and failed to comply with the terms of the mortgage, in connection with the foreclosure of Plaintiff's home at 176-178 Grove Street in Woonsocket Rhode Island ("Property") on December 6, 2017.  The law firm of Korde and Associates ("Korde") represented Ocwen in relation to the foreclosure. *See* Affidavit of Walter H, Porr, Jr. Esq. ¶ 3, attached hereto as Exhibit B.

On Saturday, December 16, 2017, Korde received a copy of a Summons and *Complaint* from Ocwen in connection with this lawsuit. *Id.* ¶ 4.  Korde was retained to represent Ocwen in its defense of the *Complaint*. *Id.* ¶ 5.  The *Complaint* was assigned to Attorney Porr to prepare a response, however due to inadvertence, mistake and/or excusable neglect, the *Complaint* response date was not calendared in Korde's Case Management System or on Attorney Porr's Outlook Calendar and as a result. *Id.*¶ 6-9. As a result, Attorney Porr failed to timely respond to the *Complaint* on Ocwen's behalf. *Id.*¶ 9.

Korde is a busy default firm and Attorney Porr has a heavy contested caseload of over 80 cases in three states. *Id.* ¶ 10. A combination of the Christmas and New Year holidays, a significant snowstorm and Attorney's Porr's other aged and time sensitive litigation matters, further impacted Attorney Porr's inadvertent failure to timely respond to the *Complaint*. *Id.* ¶ 11-14. The failure to timely respond to the *Complaint* was through Attorney Porr's inadvertence and mistake and was not as a result of Ocwen ignoring the lawsuit. *Id.* ¶ 14.

As a result of Ocwen's failure to timely answer, a default was entered against Ocwen by the Superior Court clerk on January 31, 2018. A motion for default judgment has not yet been filed.

- 2 -

AM 68215402.2

U.S. Bank N.A. as Trustee was then served on or about February 15, 2018, and Plaintiffs' counsel agreed to an extended date to respond to the *Complaint* of April 7, 2018.  U.S. Bank N.A. as Trustee timely removed this matter to this Court on March 15, 2018.

## Argument

### I. THIS COURT SHOULD VACATE AND SET ASIDE THE ENTRY OF DEFAULT BECAUSE OCWEN'S RIGHTS SHOULD BE ADJUDICATED ON THE MERITS.

There is a preference for cases to be determined on their merits, and Courts may set aside an entry of default to give effect to this preference.  *See Coon v. Grenier*, 867 F.2d. 73, 76 (1st Cir. 1989); *United States v. 147 Division St. Located in Woonsocket R.I.*, 682 F.Supp. 694, 697 (D.R.I. 1988). "Action upon a motion to set aside an entry of default lies within the sound discretion of the district court." *Coon*  867 F.2d. at 75, *citing  United States v. One Urban Lot, Etc.*, 865 F2d. 427 at 429 (1st Cir. 1986), *147 Division St. Located in Woonsocket R.I.*, 682 F.Supp. at 697. Where the entry of default occurs at the beginning of a case, and no final judgment has entered, there is less prejudice to the plaintiff and a district court "should resolve doubts in favor of a party seeking relief from the entry of default." Id.  Ocwen respectfully requests that this Court provide Ocwen with the opportunity to defend itself against Plaintiffs' allegations on the merits, and not foreclose such an opportunity based on Ocwen's failure to respond based on the mistake of prior litigation counsel.

### II.	THIS COURT SHOULD VACATE AND SET ASIDE THE ENTRY OF DEFAULT BECAUSE OCWEN CAN SHOW "GOOD CAUSE" TO WARRANT REMOVAL OF THE ENTRY OF DEFAULT.

An entry of default may be set aside for "good cause shown." Fed. R.Civ. P. 55(c). "Good cause is a mutable standard, varying from situation to situation. It is likewise a liberal one- but not so elastic as to be devoid of substance." *Coon* 867 F.2d. at 76.  The test under rule

AM 68215402.2

55(c) is less rigorous and more easily overcome than the test under Rule 60(b) to vacate a default judgment. *Id.*; see Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2694 (1983) ("The different treatment of the default entry and judgment by Rule 55(c) frees a court considering a motion to set aside a default entry from the restraints of Rule 60(b) and entrusts the determination to the discretion of the trial court.").

Courts evaluate whether good cause exists on a case by case basis. *Coon*, 867 F.2d. at 76. There are several factors a Court may weigh in deciding whether there is good cause to set aside an entry of default, the three major factors being (1) was the default willful on the part of the defaulted party; (2) will setting aside the default prejudice the non-defaulting party; and (3) whether the defaulted party has a meritorious defense. *Id*.

Here, each factor weighs in favor of vacating the entry of default.

1. There was no willful default.

Ocwen's failure to timely respond to the *Complaint* was not the result of willful disregard of this matter. Ocwen intended its counsel to respond to and defend the case in a timely manner. Unfortunately, the response date was not properly noted by prior counsel, and Plaintiff moved for entry of default. The failure to respond timely was due to the inadvertence, mistake and/or excusable neglect, of the very busy litigation counsel during the holiday season, with an intervening significant snow storm. Ocwen engaged successor counsel as soon as it was discovered that prior counsel failed to timely respond to the *Complaint*. Successor counsel immediately contacted Plaintiff's attorney regarding the matter.

2. There is no prejudice to Plaintiffs.

Setting aside the Entry of Default will not prejudice Plaintiffs in this matter. "Prejudice" exists if vacating the entry of default will result in a "loss of evidence, increased difficulties of

- 5 -

discovery, or an enhanced opportunity for fraud or collusion." *KPS & Assocs. Inc. v. Design by FMC*, 318 F.3d 1, 15 (1st Cir. 2003). Here, there is no suggestion that evidence will be lost, that Plaintiffs would encounter increased difficulties with discovery, or that there would be an enhanced opportunity for fraud or collusion if Ocwen is allowed to defend itself in this action. This matter was just filed in December and no discovery has been conducted.

Further, U.S. Bank N.A. as Trustee has not been defaulted. Whether the default against Ocwen is removed or not, this case will proceed against U.S. Bank. N.A. as Trustee on all the same counts and defenses as it would were Ocwen an active defendant.

The Plaintiffs request that the foreclosure be rescinded, a remedy arguably only available against the foreclosing entity and current owner of the property, U.S. Bank, N.A as Trustee. Plaintiffs further request monetary damages from Defendants, though there are no separate counts as to each Defendant and Plaintiffs cannot recover multiple damages from each Defendant. Removing the default against Ocwen will not change the trajectory of this action, or the potential relief available to the Plaintiffs, in any substantive way. Therefore, this Court should find that the "prejudice" factor favors a finding of "good cause" and supports Ocwen's *Motion to Vacate*.

### 3. Ocwen has a Meritorious Defense

Ocwen submits that it can present a meritorious defense to this action by establishing that all required pre-foreclosure notices were mailed to Plaintiffs, the foreclosure was properly advertised and the foreclosure complied with the terms of the mortgage. The "meritorious defense" factor "does not go so far as to require that the movant demonstrate a likelihood of success on the merits. Rather, a party's averments need only plausibly suggest the existence of

- 6 -

facts which, if proven at trial, would constitute a cognizable defense." *Coon,* 867 F.2d at 77. Thus, this standard is only a "squatty hurdle." *Id*.

Ocwen submits that this Court should find that the "meritorious defense" factor favors a finding of "good cause."

## Conclusion

For the above reasons, Ocwen respectfully requests this Honorable Court vacate the entry of default and afford Ocwen the up to and including April 7, 2018 to answer or otherwise respond to the Complaint consistent with the extension afforded U.S. Bank N.A. as Trustee.

Respectfully submitted,

OCWEN LOAN SERVICING, LLC

By its Attorneys,

/s/Meredith Renner
Meredith Renner (#7482)
LOCKE LORD LLP
2800 Financial Plaza
Providence, RI 02903-2499
401.274.9200
401.276.6611 (fax)
meredith.renner@lockelord.com

DATED: March 15, 2018

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 15th day of March, 2018, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

/s/ Meredith B. Renner