UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

Oscar Hernandez and
Martha Valle Navarro,
        Plaintiffs

Vs.                              C.A. NO. 1:18-cv-00121-WES-LDA

US Bank NA, and,
Ocwen Loan Servicing LLC,
        Defendants

## MEMORANDUM IN SUPPORT OF MOTION TO REMAND

### Introduction

1. Plaintiff filed suit in the Providence Superior Court (PM-2017-6009). Defendants were duly served in had notice of the proceeding. Defendant filed its notice of removal on March 15, 2018.

### Nature of the Suit

2. In Plaintiff's original complaint, the Plaintiff's alleged that as a result of due process deficiencies the foreclosure proceeding upon the Plaintiff's primary residence at 178 Grove Street, Woonsocket, RI was materially defective and as a result should be rescinded. Plaintiff also requested compensatory and punitive damages; however, did not make a specific demand in excess of $75,000. Plaintiff's complaint was properly brought in the Providence Superior Court because the court has personal jurisdiction over all Defendants as a result of their contacts with the state. Plaintiff's complaint was properly brought in the Providence Superior Court because the court has subject matter jurisdiction over all Defendants as the matter is concerning real property located within the state and further requires a determination of state law.

3. The Plaintiff alleges that the court does not have federal question jurisdiction over this lawsuit as the amount in controversy does not exceed $75,000 exclusive of interest, costs, and attorney fees. The Defendant must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000 (28 USC 1146(c)(2)(b)). The court should look to the Plaintiff's complaint to determine the nexus of the controversy.

   a. The Plaintiff's Complaint alleges that the Defendants failed to provide proper and due notice in english and spanish as required by RIGL 34-11-22 and RIGL 34-27-4; failed to advertise the foreclosure as required by RIGL 34-11-22 and 24-27-5; failed to provide notice english and spanish as required by RIGL 34-27-3.1 and 34-27-3.2; and, failed to comply with the relevant provisions of the mortgage instrument dated September 30, 2004, the Home Affordable Modification Agreement dated September 10, 2010 and the Adjustable Rate Note dated September 30, 2004.

   b. That as a result thereof, the Plaintiff's complaint alleges that they have been deprived their due process, the Defendants have breached their contract with the Plaintiffs, the Defendants have violated state law, the Defendants have deprived the Plaintiffs of statutory rights, Defendants have unlawfully foreclosed upon the real property, Defendants have unlawfully deprived the Plaintiffs of their real property, Defendants have caused the Plaintiffs to be damaged and harmed, Defendants have impaired title to the real property, and Defendants have caused the Plaintiffs to suffer emotional distress.

4. The Plaintiff's state that the controversy rests upon a legal determination of state law as to the propriety of the Defendant's foreclosure proceeding. The Plaintiff's do not contest the amount due pursuant to the mortgage and note as that is not the basis of the complaint. In the event the Plaintiff's prevail upon the state law question, then the foreclosure would be rendered materially defective and as a result rescinded. Note that the award of rescission is equitable and not monetary. However, the Plaintiff's obligation under the mortgage and note would survive and Defendant would retain its rights thereunder. In the event the Plaintiff fails to prevail

upon its request, the foreclosure is sustained. In either event, the monies due Defendant are not at risk nor is their validity disputed. As a result, the amount due under the note and mortgage and/or value of the subject property is immaterial to the question of the amount in controversy.

5. Although a slightly different fact pattern involving a class action, the court in the matter of Freitas v. First N.H. Mortg. Corp., 1998 U.S. Dist. LEXIS 15698, 1998 WL 657606 remanded a matter whereupon the amount in controversy could not be established wherein a portion of the plaintiff's complaint included equitable/injunctive relief. The court found that the value of the injunctive relief sought by the plaintiff, measured from the plaintiff's viewpoint, was nominal. Much like the matter at hand, the equitable relief sought by the Plaintiff's herein will not better their financial position nor monetarily harm the Defendants. Absent, a potential award for compensatory and punitive damages; of which the Plaintiffs have not pled a specific amount, the amount in controversy presently before the court does not exceed $75,000. Therefore, the court should remand Plaintiff's suit to state court because Defendant's removal is procedurally defective.

For these reason, Plaintiff asks that the court grant the motion to remand, remand this suit to the state court in which it was originally filed, and award Plaintiff its court costs, expenses, and attorney fees.

/s/ Stephen P. Levesque 5742
165 Burnside Street, 2nd Flr
Cranston, RI 02910
Phone (401) 490-4900
Fax (401) 490-4901

**Certification**: I hereby certify that I caused a true copy of the within to be mailed this 22nd day of March, 2018 to those parties noticed pursuant to ECF noticing system.

/s/ Stephen P. Levesque 5742

# Freitas v. First N.H. Mortg. Corp.

United States District Court for the District of Rhode Island

July 23, 1998, Decided ; July 23, 1998, Filed

C.A. No. 98-211ML

**Reporter**

1998 U.S. Dist. LEXIS 15698 *; 1998 WL 657606

WAYNE M. FREITAS, on behalf of himself and all persons similarly situated, Plaintiffs, v. FIRST NEW HAMPSHIRE MORTGAGE CORPORATION, Defendant.

**Disposition:** [*1] Recommended that this plaintiff's motion to remand pursuant to *28 U.S.C. § 1447(c)* granted.

## Core Terms

amount in controversy, attorneys', viewpoint, punitive damages, damages, federal court, class action, Assessing, class member, aggregated, jurisdictional amount, mortgage, parties, jurisdictional requirement, district court, injunction, borrowers, removal, costs, rata, diversity jurisdiction, requisite amount, Recommendation, diversity of citizenship, plaintiff's claim, satisfies, monetary, argues

## Case Summary

### Procedural Posture

Plaintiff purchaser brought an action in the Rhode Island Superior Court for Providence County as a class action alleging breach of contract and deceptive trade practices by defendant mortgage corporation. The mortgage corporation removed the case to federal court based upon diversity of citizenship in accordance with *28 U.S.C.S. § 1441(a)*. The purchaser filed a motion to remand. The case was referred to a magistrate.

### Overview

The purchaser alleged that the mortgage corporation charged him fees in conjunction with discharging his mortgage despite a provision in a financing contract between the parties to the contrary. The purchaser filed a class action, contending that the mortgage corporation routinely charged the fees in violation of its contracts. The purchaser sought remand, arguing that the amount

in controversy did not exceed the $ 75,000 jurisdictional amount required by *28 U.S.C.S. § 1332(a)*. The magistrate recommended that the purchaser's motion be granted because the mortgage corporation failed to persuade the court that the jurisdictional requirements were met. The magistrate found that the amount of monetary relief sought by the purchaser was only $ 70. The value of the injunctive relief sought by the purchaser, measured from the purchaser's viewpoint, was nominal. Even in conjunction with attorneys' fees, authorized by *R.I. Gen. Laws § 6-13.1-5.2(d)*, and punitive damages, as provided in *§ 6-13.1-5.2(d)*, the mortgage corporation did not show by a preponderance of the evidence that the amount in controversy exceeded $ 75,000.

### Outcome

The magistrate recommended that the purchaser's motion to remand be granted.

## LexisNexis® Headnotes

Civil Procedure > ... > Jurisdiction > Diversity Jurisdiction > General Overview

Civil Procedure > ... > Jurisdiction > Subject Matter Jurisdiction > General Overview

Civil Procedure > ... > Subject Matter Jurisdiction > Jurisdiction Over Actions > General Overview

### *HN1*[⬆] Jurisdiction, Diversity Jurisdiction

*28 U.S.C.S. § 1332(a)(1)* provides that the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between

citizens of different states.

Civil Procedure > ... > Diversity
Jurisdiction > Citizenship > General Overview

Civil Procedure > Special Proceedings > Class
Actions > General Overview

_HN2_[⬇] **Diversity Jurisdiction, Citizenship**

In a class action suit, only the citizenship of the named
parties is considered in determining whether diversity
jurisdiction exists.

Civil Procedure > ... > Jurisdiction > Diversity
Jurisdiction > General Overview

Evidence > Inferences & Presumptions > General
Overview

_HN3_[⬇] **Jurisdiction, Diversity Jurisdiction**

The party seeking federal court jurisdiction has the
burden of persuading the court that the requirements of
_28 U.S.C.S. § 1332_ have been met.

Civil Procedure > ... > Removal > Specific Cases
Removed > General Overview

Civil Procedure > ... > Diversity
Jurisdiction > Amount in Controversy > General
Overview

Civil Procedure > Remedies > Damages > Monetary
Damages

_HN4_[⬇] **Removal, Specific Cases Removed**

The federal courts are in conflict as to the applicable
standard in a removal action where the plaintiff's
complaint does not seek monetary damages in excess
of the jurisdictional requirement. The United States
District Court for the District of Rhode Island agrees with
those courts that apply the "preponderance of the
evidence" test.

Civil Procedure > Special Proceedings > Class
Actions > Certification of Classes

Civil Procedure > Special Proceedings > Class
Actions > General Overview

_HN5_[⬇] **Class Actions, Certification of Classes**

During the period between the commencement of a suit
as a class action and the court's determination that it
may be so maintained, the suit should be treated as a
class action.

Civil Procedure > ... > Class Actions > Prerequisites
for Class Action > General Overview

Civil Procedure > ... > Diversity
Jurisdiction > Amount in Controversy > General
Overview

Civil Procedure > ... > Diversity
Jurisdiction > Amount in
Controversy > Determination

Civil Procedure > ... > Subject Matter
Jurisdiction > Jurisdiction Over Actions > General
Overview

Civil Procedure > Special Proceedings > Class
Actions > General Overview

Civil Procedure > ... > Class Actions > Class
Members > Named Members

_HN6_[⬇] **Class Actions, Prerequisites for Class
Action**

In order for a court to make a determination whether or
not subject matter jurisdiction exists in a class action, at
least one named plaintiff must meet the jurisdictional
requirements provided in _28 U.S.C.S. § 1332_. In
addition, in a diversity-based class action, members of
the class may not aggregate their claims in order to
reach the requisite amount in controversy.

Antitrust & Trade Law > Consumer
Protection > Deceptive & Unfair Trade
Practices > General Overview

Civil Procedure > Remedies > Damages > Monetary
Damages

_HN7_[⬇] **Consumer Protection, Deceptive & Unfair
Trade Practices**

*R.I. Gen. Laws § 6-13.1-5.2(a)* provides that persons who suffer a loss as a result of any method, act, or practice declared unlawful by *R.I. Gen. Laws § 6-13.1-2* may recover their actual damages or $ 200, whichever is greater.

Civil Procedure > ... > Removal > Specific Cases Removed > General Overview

Civil Procedure > ... > Diversity Jurisdiction > Amount in Controversy > General Overview

Civil Procedure > ... > Jurisdiction > Subject Matter Jurisdiction > General Overview

Civil Procedure > ... > Subject Matter Jurisdiction > Jurisdiction Over Actions > General Overview

Civil Procedure > Preliminary Considerations > Removal > General Overview

*HN8*[⤓] **Removal, Specific Cases Removed**

*28 U.S.C.S. § 1441* permits removal only where the district court would have original jurisdiction. Thus, if plaintiff were to have brought suit in federal district court, the amount in controversy is tested by the value of the suit's intended benefit to the plaintiff.

Civil Procedure > ... > Removal > Elements for Removal > Federal Venue

Civil Procedure > ... > Jurisdiction > Subject Matter Jurisdiction > General Overview

Civil Procedure > ... > Subject Matter Jurisdiction > Jurisdiction Over Actions > General Overview

Civil Procedure > Preliminary Considerations > Removal > General Overview

Civil Procedure > ... > Removal > Specific Cases Removed > General Overview

Civil Procedure > ... > Removal > Elements for Removal > General Overview

*HN9*[⤓] **Elements for Removal, Federal Venue**

*28 U.S.C.S. § 1441(a)* provides that except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Civil Procedure > ... > Removal > Postremoval Remands > General Overview

*HN10*[⤓] **Removal, Postremoval Remands**

A federal court should resolve any doubt in favor of remand, as the removal statute is to be narrowly interpreted.

Civil Procedure > ... > Diversity Jurisdiction > Amount in Controversy > General Overview

*HN11*[⤓] **Diversity Jurisdiction, Amount in Controversy**

Attorneys' fees are generally considered to be a part of the amount in controversy when they are authorized by statute.

Banking Law > Types of Banks & Financial Institutions > Bank Holding Companies > General Overview

Civil Procedure > ... > Diversity Jurisdiction > Amount in Controversy > Determination

Torts > ... > Punitive Damages > Measurement of Damages > Jurisdictional Amounts

Civil Procedure > ... > Diversity Jurisdiction > Amount in Controversy > General Overview

Civil Procedure > Remedies > Damages > General Overview

Civil Procedure > Remedies > Damages > Punitive Damages

STEPHEN LEVESQUE

**HN12[⬇]** **Types of Banks & Financial Institutions, Bank Holding Companies**

Punitive damages are to be considered in calculating the amount in controversy for purposes of diversity jurisdiction. Punitive damages asserted on behalf of a class may not be aggregated for jurisdictional purposes where the underlying cause of action asserted on behalf of the class is not based upon a title or right in which the plaintiffs share, and as to which they claim, a common interest.

Civil Procedure > Remedies > Damages > Punitive Damages

Civil Procedure > Remedies > Damages > General Overview

**HN13[⬇]** **Damages, Punitive Damages**

Exemplary or punitive damages must bear a reasonable relationship to compensatory damages.

**Counsel:** For Plaintiff: AMATO A. DeLUCA, ESQ., DeLUCA & WEIZENBAUM, LTD., Providence, RI.

For Defendant: Steven E. Snow, Esq., PARTRIDGE, SNOW & HAHN, Providence, RI.

**Judges:** Robert W. Lovegreen, United States Magistrate Judge.

**Opinion by:** Robert W. Lovegreen

# Opinion

### REPORT AND RECOMMENDATION

Robert W. Lovegreen, United States Magistrate Judge.

Plaintiff, Wayne Freitas (Freitas), filed this suit in Rhode Island Superior Court for Providence County as a class action pursuant to Rule 23 of the Rhode Island Rules of Civil Procedure alleging breach of contract and deceptive trade practices. Defendant, First New Hampshire Mortgage Corporation (First New Hampshire), removed the case to federal court based upon the diversity of citizenship between the parties in accordance with *28 U.S.C. § 1441(a)*. Plaintiff then moved to have the case remanded to state court pursuant to *28 U.S.C. § 1447(c)*, on the grounds that the

amount in controversy does not exceed the $ 75,000 jurisdictional requirement provided by *28 U.S.C. § 1332(a)*. First New Hampshire has objected to the motion to remand and argues that [*2] the statutory amount in controversy has been satisfied.

This matter has been referred to this court for preliminary review, findings, and recommended disposition. *28 U.S.C. § 636(b)(1)(B)*; Local Rule of Court 32(c). A hearing was held on June 18, 1998. After listening to the arguments of counsel, examining the memoranda and exhibits submitted, and researching the applicable law, I recommend that plaintiff's motion to remand be granted.

**Facts.**

Plaintiff, Freitas, a Rhode Island resident, entered into a contract with defendant, First New Hampshire, a New Hampshire corporation, on December 23, 1994, to obtain financing for the purchase of a home. The contract provided for plaintiff to make monthly payments (consisting of principal and interest) to First New Hampshire in consideration for financing the transaction. According to the contract, the mortgage debt could be satisfied by "completing the payment schedules of principal and interest and thereby retiring the loan; or . . . selling or otherwise conveying the property subject to the mortgage loan and using the proceeds of the transaction to satisfy the debt." In addition, the following provision was included to address the [*3] costs to be incurred by borrowers upon satisfying the mortgage: "Lender shall discharge this Security Interest without charge to Borrower. Borrower shall pay any recordation costs." Despite this provision, plaintiff was allegedly charged a $ 60 "document prep fee" and a $ 10 "fax fee" in conjunction with discharging the mortgage. Plaintiff asserts that these fees were charged separately from and in addition to any recording costs. Although plaintiff paid the fees to First New Hampshire, plaintiff contends, in paragraph 15 of its complaint, that he did so under economic duress because he "could not afford to walk away from a closing in protest over the late charged and invalid fees" and that First New Hampshire had a "superior bargaining position with respect to its late imposition of the invalid fees."

As a result, plaintiff filed this class action in state superior court "on information and belief" that First New Hampshire routinely charged such fees to other borrowers in violation of its contracts. Plaintiff's complaint, in paragraph 5, defines the class as "all

STEPHEN LEVESQUE

persons who took out mortgages with defendant starting December 1, 1987 in circumstances in which the defendant promised [*4] to satisfy the mortgage 'without charge' to the borrower, yet nevertheless charged various fees to the borrower at the satisfaction of the mortgage." Despite the fact that the class has not yet been certified, the complaint, in paragraph 6, also asserts that the "[putative] class consists of hundreds, and perhaps thousands, of persons throughout Rhode Island and other states." Presently, Freitas is the only member of the putative class.

Plaintiff, Freitas, has set forth two causes of action. First, he claims breach of contract. Second, he claims that First New Hampshire violated the Unfair Trade Practice and Consumer Protection Act contained in *R.I. Gen. L. §§ 6-13.1-1* to *-19*. Specifically, plaintiff alleges that defendant violated *R.I. Gen. L. § 6-13.1-2* by imposing and collecting the "document prep" and "fax" fees. Plaintiff seeks the following relief: class certification, an accounting, money damages in the amount of $ 70.00 for each class member, punitive damages and attorneys' fees as permitted by *R.I. Gen. L. § 6-13.1-5.2*, costs, disbursements, prejudgment interest, an injunction enjoining defendant from further collecting said fees or otherwise interpreting its contracts [*5] to permit such practices, and any other relief that the court deems just, equitable, and proper.

First New Hampshire removed this action to federal court based on diversity of citizenship pursuant to *28 U.S.C. § 1441(a)*. Plaintiff has not contested the diversity of citizenship between the parties, but has argued that the case must be remanded to state court because the amount in controversy does not exceed the $ 75,000 jurisdictional amount required by *28 U.S.C. § 1332(a)*.

**Discussion.**

Defendant, First New Hampshire, seeks to invoke this court's diversity jurisdiction pursuant to *28 U.S.C. § 1332(a)*. [1] [*6] Because Freitas is currently the only plaintiff and is a citizen of a different state than First

---

[1] *HN1*[⬆] *28 U.S.C. § 1332* provides in pertinent part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between --
>
> (1) citizens of different states; . . . .

New Hampshire, diversity of citizenship is not at issue. [2] What is at issue here is whether the amount in controversy requirement, as provided by *28 U.S.C. § 1332(a)*, has been satisfied.

*HN3*[⬆] The party seeking federal court jurisdiction has the burden of persuading the court that the requirements of *§ 1332* have been met. *See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 80 L. Ed. 1135, 56 S. Ct. 780 (1936)*(party seeking jurisdiction in federal court must allege facts essential to show jurisdiction); *Gafford v. General Elec. Co., 997 F.2d 150, 155 (6th Cir. 1993)*(defendant desiring to remove case on basis of diversity of citizenship has burden of proving diversity jurisdiction requirements). [*7] Because First New Hampshire is seeking access to the federal courts by way of removal, it bears the burden of persuading this court that the jurisdictional requirements are satisfied. In that regard, First New Hampshire asserts that only one class member must satisfy the amount in controversy requirement of *§ 1332(a)*, that the court may assess the amount in controversy from defendant's viewpoint for any equitable relief sought by plaintiff, and that the punitive damages and attorneys' fees sought by plaintiff satisfy the requisite amount in controversy. Plaintiff, on the other hand, contends that each class member must satisfy the requisite amount in controversy to confer jurisdiction over their claims, and that Freitas, as the only plaintiff, does not satisfy those requirements. Due to the various issues involved and the multitude of remedies sought by plaintiff, this court will analyze the value of each remedy individually.

**A. Legal Standard.**

The parties disagree as to the proper legal standard for this type of dispute. Plaintiff argues that under *St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 289, 82 L. Ed. 845, 58 S. Ct. 586 (1938)*, the proper standard [*8] is for First New Hampshire to show to a "legal certainty" that the amount in controversy exceeds

---

[2] *HN2*[⬆] In a class action suit, only the citizenship of the named parties is considered in determining whether diversity jurisdiction exists. *See Snyder v. Harris, 394 U.S. 332, 340, 22 L. Ed. 2d 319, 89 S. Ct. 1053 (1969)* ("If one member of a class is of diverse citizenship from the class' opponent, and no nondiverse members are named parties, the suit may be brought in federal court even though all other members of the class are citizens of the same State as the defendant . . . ."), *quoted in In re Agent Orange Product Liability Litigation, 818 F.2d 145, 162 (2d Cir. 1987)*.

the jurisdictional requirement of $ 75,000. First New Hampshire concedes that _HN4_[⬆] the federal courts are in conflict as to the applicable standard in a removal action such as this one, but suggests that the better rule is the "preponderance of the evidence" test adopted by the Sixth Circuit in _Gafford, 997 F.2d at 158_. Specifically, the _Gafford_ court "concluded that the 'preponderance of the evidence' ('more likely than not') test is the best alternative" because it "balances the competing interests of protecting a defendant's right to remove and limiting diversity jurisdiction." _Id._ This court agrees that in a removal action where the plaintiff's complaint does not seek monetary damages in excess of the jurisdictional requirement, the best standard is the "preponderance of the evidence" test. Hence, First New Hampshire must prove that plaintiff's claims are more likely than not to exceed the $ 75,000 jurisdictional threshold provided in _§ 1332(a)_ in order to defeat plaintiff's motion to remand.

**B.   Satisfying the Amount in Controversy Requirement of 28 U.S.C. § 1332(a)   [*9]   in a class action suit.**

As previously stated, this action was filed by plaintiff as a class action and the class has not yet been certified. The First Circuit, however, has ruled that _HN5_[⬆] "during the period between the commencement of a suit as a class action and the court's determination that it may be so maintained, the suit should be treated as a class action." _Doucette v. Ives, 947 F.2d 21, 30 (1st Cir. 1991)_. Thus, for purposes of this Report and Recommendation, this court will assess the amount in controversy as though the class has been certified.

_HN6_[⬆] In order for a court to make a determination whether or not subject matter jurisdiction exists in a class action, at least one named plaintiff must meet the jurisdictional requirements provided in _§ 1332_. _Anthony v. Security Pac. Fin. Servs., Inc., 75 F.3d 311, 315-316 (7th Cir. 1996)_. In addition, "it is well-settled that in a diversity-based class action, members of the class may not aggregate their claims in order to reach the requisite amount in controversy." _Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir. 1993), citing Snyder v. Harris, 394 U.S. 332, 22 L. Ed. 2d 319, 89 S. Ct. 1053 (1969)_(separate [*10] and distinct claims cannot be aggregated for purpose of determining amount in controversy unless they have a common and undivided interest). [3] Defendant somewhat concedes this fact on

page 7 of its Memorandum of Law which states, "In order to demonstrate that there is proper federal jurisdiction _over this case_, First New Hampshire merely must show that the named class representative, Wayne Freitas, satisfies the Seventy-Five-Thousand Dollar ($ 75,000.00) amount in controversy requirement _by himself_." (emphasis added). Although it is true that Freitas must by himself satisfy the amount in controversy requirement to establish this court's jurisdiction over his claims, _Snyder, 394 U.S. at 336-337_, there is a question about whether Freitas' ability to meet the amount in controversy would confer jurisdiction over the claims of the entire class. [4] The issue of whether this court can exercise supplemental jurisdiction over those class members' claims that do not exceed $ 75,000 becomes moot if Freitas is unable to satisfy the jurisdictional requirements of _§ 1332(a)_. Therefore, this court must first determine whether Freitas' claims independently exceed the requisite amount. [*11]

**[*12] 1. Assessing Monetary Damages.**

Plaintiff, Freitas, seeks monetary damages in the amount of $ 70.00 on behalf of himself and each putative class member. However, _HN7_[⬆] R.I. Gen. L. § 6-13.1-5.2(a) provides that persons who suffer a loss as a result of any "method, act, or practice declared unlawful by _§ 6-13.1-2_" may recover their "actual damages or two hundred dollars ($ 200) whichever is greater." Either amount ($ 70 or $ 200) clearly does not

---

[3] The claims in the present dispute are plainly separate and distinct. _See Burns v. Massachusetts Mut. Life Ins. Co., 820 F.2d 246, 250 (8th Cir. 1987)_(separate and distinct interests found where each class member had separate insurance contract with defendant); _Sellers v. O'Connell, 701 F.2d 575, 579 (6th Cir. 1983)_("An identifying characteristic of a common and undivided interest is that if one plaintiff cannot or does not collect his share, the shares of the remaining plaintiffs are increased.").

[4] The parties are in dispute, as are most of the federal courts, as to whether or not _Zahn v. Int'l Paper Co., 414 U.S. 291, 38 L. Ed. 2d 511, 94 S. Ct. 505 (1973)_(holding that each class member must satisfy the requisite jurisdictional amount or be dismissed from the suit), has been overruled by _28 U.S.C. § 1367_, which codified ancillary and pendent jurisdiction as supplemental jurisdiction. It is questionable whether _§ 1367_ permits district courts to exercise supplemental jurisdiction over the claims of class members that do not satisfy the jurisdictional amount required, provided at least one class representative satisfies the jurisdictional requirements of _§ 1332(a)_.

exceed the $ 75,000 jurisdictional amount required by *§ 1332(a)*. Therefore, plaintiff's monetary damages claim alone is insufficient to satisfy the requisite amount in controversy.

## 2. Assessing the Value of Injunctive Relief.

In assessing the value of the injunctive relief sought by plaintiff, the parties disagree as to the viewpoint from which the matter in controversy is to be measured. From the plaintiff's viewpoint, the value of an injunction that enjoins First New Hampshire from further imposing and collecting such fees in violation of its contracts is merely nominal. This is because plaintiff is unlikely to obtain financing again from First New Hampshire, and if he did attempt to obtain such financing, the imposition of those [*13] fees could no longer be considered deceptive. Presumably, there is some value to be gained from such an injunction on behalf of future borrowers, but none from plaintiff's viewpoint. Consequently, there is no monetary value from plaintiff's perspective to be considered in assessing the amount in controversy.

However, from defendant's viewpoint, the value is likely to be significantly higher, perhaps in excess of $ 75,000. First New Hampshire contends in its Memorandum of Law, on page 8, that the defendant's viewpoint is appropriate in this matter because the "First Circuit is more disposed toward adopting the 'defendant's viewpoint' test under the right circumstances, than perhaps any other jurisdiction." This court agrees that the First Circuit might be inclined to adopt the defendant's viewpoint test if the circumstances are right, but the circumstances here are not right for the reasons discussed below.

Plaintiff, referring to *Ferris v. General Dynamics Corp., 645 F. Supp. 1354, 1363 (D.R.I. 1986)*, argues that the defendant's viewpoint test is inappropriate in class actions because such a test would eviscerate Supreme Court precedent, namely *Snyder* and *Zahn*. First [*14] New Hampshire rejects this argument on the grounds that *Ferris* is outdated, since *§ 1367* has overruled *Zahn*. Although First New Hampshire's argument is supported by some case law in other jurisdictions, this court (without deciding whether *Zahn* has been overruled by *§ 1367*) believes that the amount in controversy should be measured from the plaintiff's viewpoint in the present dispute.

Specifically, *HN8*[⚓] *28 U.S.C. § 1441* [5] permits removal only where the district court would have original jurisdiction. *Wilbert v. UNUM Life Ins. Co., 981 F. Supp. 61, 62 (D.R.I. 1997)*. Thus, if plaintiff were to have brought this suit in federal district court, the amount in controversy would have been "tested by the value of the suit's intended benefit to the plaintiff." *Massachusetts State Pharm. Ass'n v. Federal Prescription Serv., Inc., 431 F.2d 130, 132 (8th Cir. 1970)*. Hence,

> Under the [defendant's viewpoint] rule, if a case originally brought in federal court were dismissed for failure to meet the jurisdictional amount from the plaintiff's viewpoint, it could yet end up in federal court if the plaintiff reinstituted the case in state court and the defendant -- from [*15] whose point of view the required amount was present -- then removed it. . . . Thus, it is generally true that if a case could not originally be brought in federal court it may not be removed there. But . . . [the defendant's viewpoint] rule could lead to a situation where the federal court would assume removal jurisdiction where it could not assert original jurisdiction. Being thus contrary to the statutory directive, [that] rule is not a viable interpretation.

*McCarty v. Amoco Pipeline Co., 595 F.2d 389, 393 (7th Cir. 1979)*(citation omitted).

In addition, *HN10*[⚓] a federal court "should [*16] resolve any doubt in favor of remand, as the removal statute is to be narrowly interpreted." *Wilbert, 981 F. Supp. at 62-63. See also* 16 James Wm. Moore et al., Moore's Federal Practice P 107.05 (3d ed. 1998)("As a creature of statute, the removal right is strictly construed."). Therefore, the value of the injunctive relief sought in this matter, as assessed from plaintiff's viewpoint, is only nominal.

## 3. Assessing Attorneys' Fees.

*HN11*[⚓] Attorneys' fees are generally considered to be

---

[5] *HN9*[⚓] *28 U.S.C. § 1441* in relevant part reads as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

a part of the amount in controversy when they are authorized by statute. *Missouri State Life Ins. Co. v. Jones, 290 U.S. 199, 78 L. Ed. 267, 54 S. Ct. 133 (1933)*; *Department of Recreation v. World Boxing Ass'n, 942 F.2d 84, 89 (1st Cir. 1991)*. Here, plaintiff has requested attorneys' fees pursuant to *R.I. Gen. L. § 6-13.1-5.2(d)*. Therefore, this court must take them into consideration in order to calculate properly the amount in controversy.

First New Hampshire argues for the proposition that attorneys' fees be aggregated and not distributed pro rata among class members. *See Howard v. Globe Life Ins. Co., 973 F. Supp. 1412 (N.D. Fla. 1996)*(attorneys' fees aggregated in class action [*17] pursuant to Florida statute providing for fees to be paid directly to plaintiff's attorneys); *In re Abbott Lab., 51 F.3d 524, 526-527 (5th Cir. 1995)*(attorneys' fees allocated to class representatives under Louisiana class action fee recovery statute). First New Hampshire asserts that "*R.I. Gen. L. § 6-13.1-5.2(d)* is officially analogous to the statute in both *Howard* and *Abbott* . . . ." Section 6-13.1-5.2(d), however, states only that "the court may award . . . reasonable attorneys' fees and costs." It does not specify that such an award is to be directed to class representatives or to the prevailing attorneys. Therefore, the precedent cited by First New Hampshire is distinguishable on the facts, and is neither controlling upon nor persuasive to this court.

Plaintiff contends that the proper rule is pro rata distribution of the attorneys' fees among the putative class members. *See Goldberg v. CPC Int'l, Inc., 678 F.2d 1365, 1367 (9th Cir. 1982)*; *See also* 16 James Wm. Moore et al, Moore's Federal Practice P 23.07 [3][b][v] (3d ed. 1998)("Whether a particular plaintiff satisfies the jurisdictional amount is evaluated based on the value of the plaintiff's [*18] claims in addition to a pro rata portion of the class attorneys' fees.").

Without deciding whether attorneys' fees should be aggregated or distributed pro rata, this court believes that First New Hampshire has not met its burden of proving that attorneys' fees are more likely than not to exceed $ 75,000. Because First New Hampshire has failed to proffer any evidence that attorneys' fees will be so great as to satisfy the requisite amount in controversy, this court cannot presume that such an exorbitant amount will be awarded.

Plaintiff seeks punitive damages as provided in *R.I. Gen. L. § 6-13.1-5.2(a)*, and First New Hampshire does not refute that if plaintiff prevails at trial punitive damages may be awarded. The parties also agree that *HN12*[⬆] punitive damages are to be considered in calculating the amount in controversy for purposes of diversity jurisdiction. However, they disagree about whether punitive damages can be aggregated for that purpose. First New Hampshire suggests that the punitive damages of every class member be aggregated. *Allen v. R & H Oil & Gas Co., 63 F.3d 1326 (5th Cir. 1995)*. Plaintiff, on the other hand, argues that punitive [*19] damages cannot be aggregated for the purpose of calculating jurisdictional amount. *Gilman v. BHC Secs., Inc., 104 F.3d 1418 (2d Cir. 1997)*.

Although the First Circuit has not addressed this issue, the Second Circuit has held in *Gilman* that "punitive damages asserted on behalf of a class may not be aggregated for jurisdictional purposes where . . . the underlying cause of action asserted on behalf of the class is *not* based upon a title or right in which the plaintiffs share, and as to which they claim, a common interest." (emphasis in original) *Id. at 1431*. In *Gilman*, plaintiff's breach of contract claim was found to have no common and undivided interest. *Id. at 1423*. As such, plaintiff's breach of contract and deceptive trade practices claims in this case also have no common and undivided interest. Therefore, punitive damages should be considered pro rata for the purpose of calculating the jurisdictional amount in controversy.

Furthermore, to exceed $ 75,000 with a punitive damages claim where compensatory damages are to be no greater than $ 200, is highly unlikely. The Supreme Court stated in *BMW of N. Am., Inc. v. Gore, 517 U.S. 559, 580, 134 L. Ed. [*20] 2d 809, 116 S. Ct. 1589 (1996)*, that *HN13*[⬆] "exemplary [or punitive] damages must bear a 'reasonable relationship' to compensatory damages." In order for plaintiff's claims to exceed $ 75,000, his pro rata portion of any punitive damages award would need to be approximately 375 times his compensatory damages (assessed at $ 200). Because this is not only unlikely, but probably grossly excessive and unreasonable given the facts as alleged, this court finds that plaintiff's share of any possible punitive damages award would not exceed, or even come close to exceeding, $ 74,800.

**4. Assessing Punitive Damages.**

**5. Assessing the Sum of Plaintiff's Claims.**

Since none of plaintiff's claims independently exceed $

75,000, we must assess the sum of his claims to see if they are more likely than not to exceed $ 75,000 as a whole. Taking into account money damages of $ 200, [6] this court believes that First New Hampshire has not proven by a preponderance of the evidence that plaintiff will recover a pro rata share of attorneys' fees and punitive damages that will exceed $ 74,800. Because the amount in controversy in this matter does not exceed $ 75,000, this court lacks diversity jurisdiction in accordance with *§ 1332(a)*. **[*21]**

**Conclusion.**

Based upon the foregoing analysis, I recommend that plaintiff's motion to remand pursuant to *28 U.S.C. § 1447(c)* be granted.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. *Fed. R. Civ. P. 72(b)*; Local Rule of Court 32. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986)*; *Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980)*.

Robert W. Lovegreen

United States Magistrate Judge

July 23, 1998

---

[6] No value is included for injunctive relief for reasons previously stated. Also, **28 U.S.C. § 1332(a)** specifically excludes interest and costs.

STEPHEN LEVESQUE