UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| OSCAR HERNANDEZ, MARTHA VALLE NAVARRO : : Plaintiffs, : : v. : : US BANK NA and OCWEN LOAN SERVICING LLC : : : Defendants. : | C.A. No. 1:18-cv-00121 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO PLAINTIFFS' MOTION TO REMAND**

Defendants, U. S. Bank N.A., in its capacity as Trustee for the registered holders of MASTR Asset Backed Securities Trust 2005-NC1, Mortgage Pass-Through Certificates, Series 2005-NC1[1] ("U.S. Bank N.A. as Trustee") and Ocwen Loan Servicing, LLC[2] ("Ocwen") (collectively "Defendants") hereby submit this *Memorandum of Law* in support of their *Objection to the Motion to Remand* filed by Plaintiffs, Oscar Hernandez and Martha Valle Navarro ("Plaintiffs"). Plaintiffs' singular ground for remand is that the amount in controversy does not exceed $75,000. However, the *Motion to Remand* lacks merit because removal to the United State District Court meets the jurisdictional requirement of diversity of citizenship and

---

[1] Improperly pleaded as US Bank NA.

[2] Improperly pleaded as Ocwen Loan Servicing LLC.

1

amount in controversy under 28 U.S.C. §1332 and §1446.[3] The *Motion to Remand* should be denied.

I.     **INTRODUCTION**

Plaintiffs filed the *Complaint* in the Superior Court of Rhode Island, County of Providence, on December 13, 2017 against Defendants.[4] The *Complaint* alleges Defendants failed to provide Plaintiffs with adequate pre-foreclosure notices, failed to advertise the foreclosure auction and failed to comply with the terms of the *Mortgage* and *Note*, in connection with the foreclosure of the Property on December 6, 2017. [*Compl.* ¶ 18-19]. The *Complaint* seeks to have the foreclosure rescinded, transferring title from U.S. Bank as Trustee back to Plaintiffs, as well as compensatory and punitive damages and attorneys' fees. [*Compl.* at Prayer for Relief].

U.S. Bank N.A. as Trustee timely removed the action to this Court pursuant to 28 U.S.C. §§1332, 1441, and 1446 on March 15, 2018. [ECF No. 1]. Defendants contend that this Court has original jurisdiction over this matter based on diversity of citizenship between the parties and the amount in controversy. Plaintiffs, who reside at 176-178 Grove Street in Woonsocket, Rhode Island ("Property"), are citizens of Rhode Island. [*Compl.* ¶ 2]. The *Complaint* alleges that U.S. Bank as Trustee is an Ohio corporation and Ocwen is a Florida corporation. [*Compl.* ¶ 3, 4].[5] The amount in controversy is well in excess of $75,000 as the *Complaint* mounts a challenge to title and seeks to have rights declared with respect to the Property, which was

---

[3] Plaintiffs do not dispute that diversity of citizenship is met and, therefore, this *Objection* focuses on the amount in controversy.

[4] As a result of Ocwen's failure to timely answer, a default was entered against Ocwen by the Superior Court clerk on January 31, 2018. Ocwen filed a *Motion to Vacate Entry of Default* with this Court on March 15, 2018 arguing that there is good cause to vacate the default. [ECF No. 15]. Plaintiffs have not objected to that motion and the time for doing so has now passed.

[5] As set forth in the *Notice of Removal*, Ocwen is actually a citizen of the Virgin Islands for diversity purposes but, again, Plaintiffs do not dispute the diversity of citizenship. [ECF No. 1 ¶ 2(c)].

2

secured by a *Mortgage* in the principal amount of $279,000 and which has a current assessed value of $139,000. [ECF No. 1 ¶ 2(e); (h) and Exhibit B and Exhibit D thereto].

On March 22, 2018, Plaintiffs filed a *Motion to Remand* based on a lack of subject matter jurisdiction. Specifically, Plaintiffs maintain that Defendants have not established that the amount in controversy exceeds $75,000.00 as required by 28 U.S.C. § 1332 and § 1446.

## II.  STANDARD OF REVIEW

As set forth in 28 U.S.C. § 1441, a defendant may remove "any civil action brought in a State court of which the district courts have original jurisdiction." The United States District Courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds the sum or value of $75,000. *See* 28 U.S.C. § 1332(a); *see also Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006).

Section 1446 (c) (2) provides that "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that the notice of removal may assert the amount in controversy if the initial pleading seeks nonmonetary relief." 28 U.S.C. § 1446 (c) (2) (A) (I). Additionally, "removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(B). The burden is on the defendant, as the party asserting jurisdiction, to show that the statutory requirements have been met. *See Spielman v. Genzyme Corp.*, 251 F.3d 1, 4 (1st Cir. 2001).

## III.  ARGUMENT

In the *Motion to Remand*, Plaintiffs argue that because their request for relief is equitable and not based on specified monetary damages over $75,000, the amount in controversy is not over the threshold amount. Plaintiffs maintain that they are only seeking the equitable relief of

3

recission, and do not challenge the validity of the *Mortgage* or *Note*. However, Plaintiffs ignore the crux of their own *Complaint*, to invalidate a foreclosure sale and transfer title of the property from U.S. Bank as Trustee back to themselves. Where the title to the Property itself is being challenged, the value of the property forms the basis of the amount in controversy for federal jurisdiction purposes.

"In actions seeking declaratory or injunctive relief it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977). "Courts have repeatedly held that the value of the matter in controversy is measured not by the monetary judgment which the plaintiff may recover but by the judgment's pecuniary consequences to those involved in the litigation." *Richard C. Young &Co., Ltd. v. Leventhal*, 389 F.3d 1, 3 (1st Cir. 2004). Moreover, a "number of courts have ruled that, in a case seeking equitable relief against a foreclosure sale, the fair market value of the property is an acceptable measure of the amount in controversy for purposes of diversity jurisdiction." *Bedard v. Mortg. Elec. Registration Sys., Inc.*, No. 11-CV-117-JL, 2011 WL 1792738, at *3 (D.N.H. May 11, 2011) (collecting cases). The face value of the mortgage loan often "suffices to show . . . that the value of the [mortgaged] property exceeded $75,000." *Barbosa v. Wells Fargo Bank, N.A.*, No. CIV.A. 12-12236-DJC, 2013 WL 4056180, at *5 (D. Mass. Aug. 13, 2013).

This same principle applies, though Plaintiffs appear to suggest otherwise, when a Plaintiff is seeking to rescind a foreclosure. In that instance, the value of the property controls. *See, e.g. Lindsey v. JPMorgan Chase Bank Nat'l Ass'n*, Civil Action No. 3:12-CV-4535-M-(BH), 2013 U.S. Dist. LEXIS 83923, at *47-48 (N.D. Tex. May 17, 2013) (finding that plaintiff seeking injunctive relief to set aside a foreclosure called into question the right to the property in

4

its entirety and therefore the value of the property was the proper measure of the amount in controversy); *Pah v. JPmorgan Chase Bank, N.A.*, No. 1:12-cv-4071-JEC, 2014 U.S. Dist. LEXIS 59007, at *4 (N.D. Ga. Apr. 29, 2014) (finding that where plaintiff sought injunctive relief rescinding the foreclosure sale through which defendant acquired ownership of the residence, it sought to divest defendant of its title and therefore the appropriate measure of the amount in controversy was the value of the property at issue).

Here, the object of the litigation is the title to the Property. If Plaintiffs are successful in the litigation, the foreclosure would be rescinded and U.S. Bank as Trustee's title to the Property vitiated. Thus, Defendants correctly maintained that the amount of controversy equaled at least $279,000, the face value of the *Mortgage* that was foreclosed upon, or $139,800, the most recently assessed property value. The value of the Property is the appropriate measure for the amount in controversy.

This matter is inapposite to *Freitas v. First New Hampshire Mortg. Corp.,* No. 98-211ML, 1998 WL 657606, at *1 (D.R.I. July 23, 1998), relied upon by Plaintiffs. First, *Freitas* does not involve a challenge to a foreclosure and, indeed, Plaintiffs concede it involves a different fact pattern. Further, in *Freitas*, the value of injunctive relief sought was determined to be nominal as there was no monetary value at all, in that an injunction enjoining the defendant from imposing certain fees would not affect the plaintiff. *Id.* at *12-13. Here, as already set forth, there is a clear monetary value with respect to the relief sought, *i.e.*, title to the Property. *Freitas* does not counsel otherwise.

In sum, the record established that Defendants have met the requirements of §1332 for diversity jurisdiction. It is reasonable to designate the amount in controversy as at least the value of the *Mortgage* or the Property itself, since Plaintiffs' *Complaint* does not specify a damage

5

amount and title to the Property would be transferred from U.S. Bank as Trustee to Plaintiffs if Plaintiffs are successful. Because the amount in controversy is well over the $75,000 minimum threshold required by 28 U.S.C. §1332, this Court should retain jurisdiction.

## IV. **CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiffs' *Motion to Remand*.

Respectfully submitted,

U.S. Bank N.A., in its capacity as Trustee for the registered holders of MASTR Asset Backed Securities Trust 2005-NC1, Mortgage Pass-Through Certificates, Series 2005-NC1 and
Ocwen Loan Servicing, LLC

By their Attorneys,

/s/Meredith Renner
Meredith Renner (#7482)
LOCKE LORD LLP
2800 Financial Plaza
Providence, RI 02903-2499
401.274.9200
401.276.6611 (fax)

DATED: April 5, 2018

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 5th day of April, 2018, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

/s/ Meredith B. Renner

AM 68304343.1